CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 0 8 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Action No. 5:12CR00014-2 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ALFANCO DEXTER BRITTON, | ) | By: Michael F. Urbanski |
| Defendant. | ) | United States District Judge |

Alfanco Dexter Britton, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF Nos. 583, 633. He raised multiple claims of ineffective assistance of counsel and court error. ECF No. 583. Pursuant to Standing Order 2015-5, the court appointed counsel to raise any argument that Britton might have had under Johnson v. United States, 135 S. Ct. 2551 (2015); accordingly counsel filed a brief arguing that Britton was entitled to relief because he was sentenced as a career offender. ECF No. 633. Following a hearing, the court appointed separate counsel to represent Britton on his ineffective assistance of counsel claims. Counsel filed an additional supplemental § 2255 motion. ECF No. 668. In a separate memorandum opinion and order, entered on April 19, 2017, the court dismissed all but four ineffective assistance of counsel claims, and set those claims for an evidentiary hearing. ECF No. 706. Following the hearing, which occurred on May 4, 2017, and after reviewing the entire record, the court concludes that Britton has not stated any meritorious claim for relief under § 2255 and that the government's motion to dismiss must be granted.

I.

On April 19, 2012, a federal grand jury charged Britton and other codefendants in a 29-count indictment with narcotics trafficking crimes; Britton was charged with conspiracy

to distribute and manufacture 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846 and nine counts of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The court appointed counsel for Britton.

On May 23, 2012, the government filed an information for a sentence enhancement under 21 U.S.C. § 851, alleging that Britton had four prior felony drug convictions, which would necessitate a life sentence if Britton were found guilty at trial. On May 29, 2012, the government proposed a plea agreement to Britton that had a deadline of June 8, 2012. No agreement was ever reached and the case proceeded to trial.

During the course of the nine-day trial, the government presented evidence that Britton transported quantities of cocaine base from Florida to Virginia and also sold small quantities of cocaine base directly to buyers. Defense counsel made an opening statement asking the jury to "convict [Britton] of what he did and not what he didn't." Tr. Trans. at 1, ECF No.718. Defense counsel's strategy was to challenge the amount of drugs that the government attributed to Britton but not to deny that he was involved in the drug trade. Id. at 2-5. To that end, defense counsel reminded the jury during his opening statement that "[m]y client is innocent until proven guilty of every fragment, of every particle, every milligram of crack cocaine that [the government is] attempting to prove him guilty of conspiring to." Id. at 5. The jury convicted Britton on the conspiracy count and eight of the nine distribution counts. Judgment at 1, ECF No. 466.

Prior to sentencing, Britton objected to the § 851 enhancement, arguing that the prior convictions used to support the enhancement were invalid because his guilty pleas were

2

not knowing and voluntary. ECF No. 429, 431. The court held a hearing, overruled Britton's objections, and sentenced him to a mandatory life sentence on the conspiracy charge and 360 months on each of the distribution counts to run concurrently. Judgment at 3, ECF No. 466. Britton appealed to the Fourth Circuit Court of Appeals, which affirmed his conviction and sentence. United States v. Williams, 554 F. App'x 128, 133 (4th Cir. Feb. 4, 2014). He also filed a petition for a writ of certiorari with the Supreme Court of the United States, which was denied. Williams v. United States, 134 S. Ct. 2715 (June 2, 2014).

Britton timely filed his § 2255 motion in this court. On May 4, 2017, the court held an evidentiary hearing regarding (1) counsel's communication and advice regarding the government's proposed plea agreement; (2) counsel's communication regarding discovery and advice regarding the strength of the government's case; (3) counsel's opening statement; and (4) counsel's communications regarding the enhanced mandatory life sentence. Order at 1, ECF No. 706. At the hearing, the government called Britton's defense counsel to testify. He stated that early in the case, the government provided to him the bulk of the discovery and that he reviewed it all himself. He stated that he reviewed with Britton the charges in the indictment and the statutory penalties that Britton faced if convicted. Counsel also stated that after the § 851 was filed, he again reviewed the possible sentences that Britton faced, including the mandatory life sentence and read him the applicable statute. Counsel stated that he explained that if the jury found Britton guilty, the court would have no option but to sentence Britton to life without parole and continued to explain this many times leading up to trial. Counsel also testified that he reviewed with Britton the discovery evidence, including proffer statements from witnesses who would likely testify and audio and

3

video footage of controlled buys. Counsel stated that he summarized the discovery and put all of the summaries in a notebook, which he had Britton review. Counsel testified that he told Britton the evidence was extensive and would be difficult to disprove. He stated that he met with Britton approximately 12 times before trial and spent more than 30 hours conducting in-person meetings with him. Counsel testified that he reviewed the main terms of the draft plea agreement with Britton, particularly the government's agreement to limit the § 851 notice by relying only on one prior conviction, which would have reduced the statutory sentence to 20 years to life imprisonment as opposed to mandatory life. Counsel stated that Britton had no interest in the plea agreement because it required that he cooperate and Britton refused to testify against his girlfriend codefendant. However, counsel stated that Britton asked him to go back to the government to see if counsel could get the government to agree to a fixed 20-year sentence. The government rejected the counteroffer and counsel testified that Britton had no desire to revisit the possibility of a plea deal. During trial, defense counsel stated that he knew he would have to acknowledge some possession of drugs, but his strategy was to challenge the drug weight involved in the conspiracy and argue that it amounted to less than 280 grams. Counsel stated that he shared this strategy with Britton, who never voiced any concern.

Britton also testified at the hearing. He stated that counsel did not provide him with discovery and that the only document counsel provided him with was the indictment. Britton also stated that he never wanted to go to trial and that every time he saw counsel he would ask about a plea deal. He stated that he wanted to take a plea deal and would have been willing to cooperate but counsel never explained what "cooperation" would have

4

entailed and after the government refused to consider Britton's counter offer, counsel stated that a deal was off the table. Britton also testified that he did not know that counsel was going to say in his opening statement that Britton "was guilty." Finally Britton testified that counsel never told him that if he went to trial and was convicted of the conspiracy charge he faced a mandatory life sentence, or that the court might sentence him as a career offender.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Britton bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

### A. Ineffective Assistance of Counsel Claims

Criminal defendants have a Sixth Amendment right to effective legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). The proper vehicle for a defendant to raise an ineffective assistance of counsel claim is by filing a § 2255 motion. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). However, ineffective assistance claims are not lightly granted; "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. Accordingly, in order to establish a viable claim of ineffective assistance of counsel, a defendant must satisfy a two-prong analysis showing both that counsel's

performance fell below an objective standard of reasonableness and establishing prejudice due to counsel's alleged deficient performance. Id. at 687. When considering the reasonableness prong of Strickland, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; Gray v. Branker, 529 F.3d 220, 228-29 (4th Cir. 2008). Counsel's performance is judged "on the facts of the particular case," and assessed "from counsel's perspective at the time." Strickland, 466 U.S. at 689, 690.

To satisfy the prejudice prong of Stickland, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Britton's claims of ineffective assistance of counsel do not satisfy Strickland's stringent requirements.

### 1. Advice regarding Government's Proposed Plea Agreement

First, Britton argues that he received ineffective assistance of counsel because counsel never advised him that it would be beneficial for him to accept the proposed plea agreement, he did not read the entire plea agreement to Britton, and failed to explain that if he accepted the plea deal, he would receive a three-point reduction in his base offense level for acceptance of responsibility. § 2255 Mot. at 9, ECF No. 583. The court finds these claims unavailing.

Counsel testified at the hearing that after reviewing the plea agreement, he met with Britton and read to him the essential terms. Counsel testified that he explained to Britton that as a result of the plea agreement, Britton would face only a 20 year to life sentence as

6

opposed to a mandatory life sentence. He also testified that he reviewed the proposed plea agreement with Britton, including the three-point reduction that he would receive for acceptance of responsibility. In addition, counsel testified that he told Britton that the evidence against him was overwhelming and that it would be very difficult to overcome. Nonetheless, counsel stated that Britton refused to accept the plea deal because he did not want to cooperate with the government and testify against his codefendants, which was an important provision of the plea agreement.

Although Britton's testimony at the hearing contradicts his defense counsel's statements, the court finds more persuasive counsel's testimony. The court credits counsel's testimony that he read to Britton the essential provisions of the plea agreement, discussed it with him, reviewed the breadth of the evidence against him, and explained the benefit of pleading guilty. The court's conclusion is bolstered by a letter that counsel sent to Britton following his rejection of the plea, in which counsel "repeat[ed]" himself and again explained that Britton faced a potential mandatory life sentence because he had rejected the plea deal. Evid. Hr'g Ex. 4 at 1, ECF No. 709-4.

In addition, Britton argued that counsel did not have access to enough discovery to adequately advise him whether to plead guilty. The government has provided evidence that it turned over to defense counsel more than 700 pages of discovery on May 2, 2012. Letter at 1, ECF No. 715-1. On May 29, 2012, the government provided Britton with the proposed plea agreement and gave him ten days in which to accept. Email at 1, ECF No. 709-3. Therefore, defense counsel had a month to review the evidence and discuss it with Britton. Although the government provided additional discovery after the deadline for

7

accepting the plea agreement, including audio and video footage, it appears that the bulk of the written discovery was provided on May 2, 2012. This comports with defense counsel's testimony that the discovery in the case was frontloaded. Moreover, counsel testified that he believed the evidence against Britton to be overwhelming when he went to discuss the proposed plea agreement with Britton. Accordingly, it is clear that the additional evidence would not have altered counsel's advice to Britton to accept the plea. Accordingly, the court concludes that counsel had enough discovery to sufficiently advise Britton whether to accept the proposed plea agreement and was not remiss in doing so. Accordingly, Britton cannot establish that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688.

### 2. Advice regarding Discovery and Strength of Government's Case

Next, Britton argues that counsel failed to provide him with discovery or discuss it with him and did not explain the strength of the government's case. Prior to Britton's trial, the court entered an order restricting the disclosure of discovery materials and prohibiting the photocopying and distribution of discovery materials other than to defense counsel. Order at 1-2, ECF No. 79. Defense counsel adhered to the order and apparently did not provide copies of discovery to Britton. However, counsel testified at the evidentiary hearing that he summarized the pertinent discovery, showed Britton his notebook with the summaries, and discussed the evidence with Britton, including the likely testimony of each witness based on his or her proffer. Counsel further testified that he read to Britton the discovery supporting the distribution counts, including the underlying offense, date, time weight, place, parties and officers involved. In addition, counsel testified that he showed

8

Britton some of the video footage and played for him some of the audio recordings that the government had provided as part of discovery. Counsel testified that he met with Britton for over 30 hours in preparation for trial. In his affidavit, which he attached to his original § 2255 motion, Britton said that if he knew he could "have faced under 20 years before the government filed its 851 enhancement . . . I would have pled guilty knowing <u>the evidence of the drug sells alone being recorded not to mention all the other witnesses that was [sic] coming to testify at my trial</u>." Britton Aff. ¶ 9, ECF No. 583-2 (emphasis added).

The court credits counsel's testimony that he reviewed with Britton the discovery against him. In addition, it is clear that Britton understood the breadth of the evidence against him, as he admitted in his affidavit that the evidence of drug sales and the number of witnesses that would testify against him at trial was significant. Accordingly, Britton has not established that he did not understand the evidence against him or that having access to photocopies of the discovery in his case would have provided additional insight. Although providing copies of the discovery would have allowed others in the jail to read the documents to Britton, Britton has not explained how doing so would have produce a more favorable result in the proceeding, in light of Britton's admission that he "kn[ew] the evidence." Id. Because Britton has failed to establish prejudice, his claim fails. Strickland, 466 U.S. at 695.

In addition, the court credit's counsel's hearing testimony that he explained to Britton the strength of the government's case on multiple occasions. Britton admits that he would have pleaded guilty—not had he known or understood the evidence against him—but had he been able to get a plea deal that included a sentence of less than 20 years. Accordingly,

the court concludes that Britton has failed to establish that counsel's explanation of the strength of the government's case was deficient. Id. at 687.

### 3. Opening Statement

Britton also argues that counsel's opening statement was so improper that it resulted in a structural error necessitating reversal. Counsel asked the jury to "convict [Britton] for what he did not what he didn't." Tr. Trans. at 2, ECF No.718. Counsel went on to explain that Britton's "hands, at one time or another, touched crack cocaine," but that the amount of drugs involved in the conspiracy was much less than the 280 grams that the government charged. Id. Counsel also stressed to the jury that it could convict only if it found Britton "guilty of every fragment, of every particle, every milligram of crack cocaine" for which the government was attempting to prove him guilty. Id. at 5. These statements, individually and in conjunction, do not rise to the level of constitutional error.

When defense counsel makes an unwarranted concession of guilt, a defendant may be deprived of effective assistance of counsel. Clozza v. Murray, 913 F.2d 1092, 1099 (4th Cir. 1990). However, defense counsel's "remarks must be viewed in light of the facts of [the defendant's] case and the strategy pursued. . . ." Id. at 1098. When there is overwhelming evidence of guilt, a valid strategy to maintain credibility with a jury, is to admit some involvement in criminal conduct in order to convince the jury to believe counsel's other assertions. Id. at 1099; see also Young v. Catoe, 205 F.3d 750, 760 (4th Cir. 2000) (noting that a counsel's tactical retreat by admitting some guilt may be reasonable).

In this case, the government had video evidence of Britton selling crack cocaine. Therefore, counsel testified that he made the strategic decision to admit that Britton had

10

some involvement in the drug conspiracy but to argue that the amount of drugs involved was significantly less than 280 grams. Counsel testified at the evidentiary hearing that he explained this strategy to Britton and Britton did not oppose that approach. Counsel's decision to ask the jury to convict Britton of what he had done, not what he hadn't, and to remind them that Britton was innocent until proven guilty seems manifestly reasonable. Clozza, 913 F.2d at 1098. Moreover, defense counsel did not concede Britton's guilt with any specificity. His statements that Britton's hands had touched crack cocaine were followed by statements arguing for a not-guilty verdict for the 280 gram conspiracy charge. Accordingly, Britton cannot establish either deficient performance or prejudice. Strickland, 466 U.S. at 687.

### 4. Advice regarding Mandatory Life Sentence

Finally, Britton claims that he received deficient representation because counsel failed to explain to him that he faced a statutory mandatory life sentence if a jury found him guilty. A person convicted of conspiracy to distribute and manufacture more than 280 grams of cocaine base faces a statutory minimum sentence of ten years to life in prison. 21 U.S.C. § 841(b)(1)(A). However, if a defendant has previously been convicted of one felony drug offense, the defendant faces an increased statutory penalty range of twenty years to life in prison. Id. If the defendant has previously been convicted of two or more felony drug offenses, the defendant faces a "mandatory term of life imprisonment without release." Id. Because a jury found Britton guilty of the drug conspiracy and he had two prior felony drug convictions, his statutory mandatory minimum sentence increased to life imprisonment.

The court does not find credible Britton's claim that counsel never explained the mandatory life sentence that he faced should a jury find him guilty. Britton admitted that he believed he would face a sentence of at least 30 years to life if he pleaded guilty and by going to trial with the § 851 enhancement he "still faced life so [he] did not see a reason not to go to trial." Britton Aff. ¶ 7, ECF No. 583-2. Accordingly, it is clear that Britton proceeded to trial because he weighed the options and concluded that the risk of a guilty verdict was outweighed by the possibility of an acquittal. See generally Sexton v. French, 163 F.3d 874, 885 (4th Cir. 1998) (noting that the defendant must make the decision to enter a guilty plea and waive a jury trial).

Britton has not shown that counsel provided deficient advice that caused him to proceed to trial. United States v. Merritt, 102 F. App'x 303, 307 (4th Cir. 2004) (noting that for a defendant to prevail on an ineffective assistance of counsel claim, the defendant must show that he would have accepted a plea agreement but for his trial counsel's "gross misadvice regarding his sentencing exposure"). Because the court credits counsel's testimony that he informed Britton of the mandatory life sentence that Britton would face if found guilty, Britton has not established that counsel's conduct "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688.

### III.

For the reasons stated herein, the court will grant the government's motion to dismiss. An appropriate order will be entered this day. Because Britton has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability will be denied.

ENTER: This 21st day of June, 2017.

/s/ Michael F. Urbanski
United States District Judge