IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 5:12-cr-00014 |
| v. ) | |
| ) | By: Michael F. Urbanski |
| ALFANCO DEXTER BRITTON, ) | Chief United States District Judge |
| Defendant-Petitioner ) | |

## MEMORANDUM OPINION

This matter comes before the court on defendant Alfanco Dexter Britton's motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF Nos. 774, 785. The government responded and Britton has replied. ECF Nos. 781, 784. For the reasons stated herein, the court will **GRANT** Britton's motions and reduce his sentence to 360 months.

## BACKGROUND

On April 19, 2012, a Grand Jury returned a 29-count Indictment charging Britton and seven codefendants with various offenses based on distribution of cocaine base, or "crack." Indictment, ECF No. 3. Britton was charged with one count of knowingly conspiring to distribute and manufacture 280 grams or more of crack and, more specifically, 500 grams or more of crack (Count 1) and nine counts of distributing crack, (Counts 8, 11, 12, 14, 15, 16, 17, 19, 29). Id. at 1-2, 3-7, 9. On May 23, 2012, the government gave notice of enhanced punishment as to Britton, pursuant to 21 U.S.C. § 851.[1] ECF No. 97. The notice was based on Britton's two previous felony convictions in a Florida state court for possession with intent

---

[1] Section 851 provides the following: "No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851.

to distribute cocaine and one previous felony conviction in state court for transporting drug paraphernalia. ECF No. 97.

On November 1, 2012, a jury returned a verdict finding Britton guilty on all counts except Count 16. On April 18, 2013, Britton was sentenced to life in prison on Count 1 and 360 months on the remaining counts to run concurrently with each other and with Count 1, to be followed by a 10-year period of supervised release. J. ECF No. 466. The life sentence on Count 1 was the mandatory minimum sentence under 21 U.S.C. §§ 846 and 841(b)(1)(A) and was increased from a mandatory minimum of 10 years to life based on his prior convictions. The remaining counts carried maximum sentences of 30 years under 21 U.S.C. § 841(b)(1)(C), increased from a maximum of 20 years by his prior convictions.

Britton's sentence under the United States Sentencing Guidelines (USSG or guidelines) was based upon an offense level of 40 and a criminal history category of VI,[2] which resulted in a guidelines imprisonment range of 360 months to life. However, because the statutory minimum sentence on Count 1 was life, Britton's guidelines range also was life. Presentence Investigation Report (PSR), ECF No. 486 ¶¶ 79, 80 (citing USSG § 5G1.1(b)). Britton has been incarcerated since his arrest on February 22, 2012.

## II.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, authorizes courts to modify terms of imprisonment as follows:

---

[2] Britton's criminal history category of VI was based on his status as a career offender under USSG § 4B1.1(a). Without the career offender designation, his criminal history category would have been V. PSR, ECF No. 486 ¶ 47. Although Britton's status as a career offender gave him an offense level of 37, his offense level based on drug weight was 40 and that was the level utilized to determine his guidelines range. PSR, ECF No. 486 ¶ 32.

2

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Britton's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

The court begins by considering the threshold requirement for obtaining relief under § 3582(c)(1)(A). United States v. Muhammad, 16 F. 4th 126, 129-30 (4th Cir. 2021). This requirement, which is non-jurisdictional, is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on their behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of their initial request to file a motion in the district court." Id. at 131.

Britton submitted a compassionate release request to the warden at his facility on February 8, 2021, and filed his motion for compassionate release more than thirty days later. Mot., ECF No. 774 at 2. The government does not dispute that Britton has satisfied this

3

threshold requirement. Resp., ECF No. 781 at 9-10 n.2. Therefore, the court finds that Britton has fully satisfied the statute's administrative exhaustion requirement.

The court must next consider whether there are any "extraordinary and compelling reasons" that would warrant "reduc[ing] the term of imprisonment" imposed in Britton's case. 18 U.S.C. § 3582(c)(1)(A). In United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020), the Fourth Circuit held that district courts may consider "any extraordinary and compelling reason for [compassionate] release that a defendant might raise." Id. (citing United States v. Brooker, 976 F.3d 228, 239 (2d Cir. 2020)). In so holding, the court rejected the notion that district courts are constrained by the policy statement found in USSG § 1B1.13 and the application note that accompanies the policy statement. See discussion, McCoy, 981 F.3d at 280-84.

The McCoy court examined the changes to 18 U.S.C. § 924(c) brought about by the First Step Act. Prior to the First Step Act, simultaneous convictions, and subsequently sentences, under § 924(c) were "stacked," meaning that "a conviction was treated as 'second or subsequent,' triggering the 25-year minimum sentence, even if the first § 924(c) conviction was obtained in the same case." McCoy, 981 F.3d at 275. The First Step Act changed the sentencing structure for multiple convictions under § 924(c)—the statute now requiring a new violation "that occurs after a prior conviction under [the] subsection has become final" to trigger the mandatory minimum sentence of 25 years. 18 U.S.C. § 924(c)(i). "Under § 403 of the First Step Act, that is, the 25-year mandatory minimum is 'reserved for recidivist offenders, and no longer applies to multiple § 924(c) convictions obtained in a single prosecution.'" McCoy, 981 F.3d at 275 (quoting United States v. Jordan, 952 F.3d 160, 171 (4th Cir. 2020)). The practical result of the change is that where defendants once faced a mandatory minimum

4

sentence of 25 or 30 years when convicted of two firearms offenses in a single prosecution, they now face a mandatory minimum sentence of 5 years on each offense, for a total of 10 years. United States v. Redd, 444 F. Supp. 3d 717, 720 (E.D. Va. Mar. 16, 2020).

The McCoy court acknowledged that the change to § 924(c) does not apply retroactively to sentences imposed before December 21, 2018. Id. at 275. But the court distilled two features of stacked § 924(c) sentences that led to finding that the defendants met the "extraordinary and compelling reasons" standard: (1) "the sheer and unusual length of the sentences," and (2) the "'gross disparity' between those sentences and the sentences Congress now believes to be an appropriate penalty for the defendants' conduct." Id. at 285. The court concluded that the district courts' consideration of "the First Step Act's declaration of the appropriate level of punishment under § 924(c)" to be proper "in assessing the defendants' cases, on an individualized basis, for compassionate release." Id. at 275. Thus, under McCoy, the district court must conduct an "individualized assessment" of the defendant's circumstances when considering whether a change in a sentencing statute constitutes an "extraordinary and compelling reason" warranting a sentence reduction. Id. at 286.

In this case, Britton's argument is based on a change to 21 U.S.C. § 841(b)(1)(A) which occurred as part of the First Step Act. Prior to the First Step Act, § 841(b)(1)(A) provided that if a person committed a violation of § 841(b)(1)(A) after two or more prior convictions for a felony drug offense had become final, the person would be sentenced to a mandatory term of life imprisonment without release. 21 U.S.C. § 841(b)(1)(A) (2010). The First Step Act amended the statue to provide that the statutory minimum penalty for a person with two prior felony convictions is now 25 years. 21 U.S.C. § 841(b)(1)(A) (2018). Thus, if Britton were

sentenced for the same conduct today as he was in 2012, he would face a mandatory minimum sentence of 25 years on Count 1, rather than life.

In McCoy, 981 F.3d at 285-86, the Fourth Circuit found that a "gross disparity" between a petitioner's sentence at the time of conviction and the sentence that would be imposed under current law can be considered an "extraordinary and compelling reason" for granting compassionate release.[3] Britton argues that if he were sentenced today, he would most likely be sentenced to the statutory mandatory minimum term of 25 years on Count 1 and argues that the difference between a life sentence and a 25-year sentence is a gross disparity that provides an extraordinary and compelling reason to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i).

The government counters that McCoy was wrongly decided. However, McCoy continues to be the law in the Fourth Circuit. See, e.g., United States v. Hargrove, 30 F.4th 189, 194-95 (4th Cir. 2022) (repeating the holding in McCoy that there currently exists no applicable policy statement governing a defendant's motion for compassionate release as opposed to a motion filed by the BOP on an inmate's behalf) and United States v. Davis, No. 21-6960, 2022 WL 127900 (4th Cir. Jan. 13, 2022) (per curiam) (citing McCoy and its holding that when a defendant, rather than the BOP, files a motion for compassionate release, the court may consider any extraordinary and compelling reason for release that a defendant might raise). Therefore, the court will follow the holding in McCoy that a gross disparity in sentencing can warrant compassionate release.

---

[3] In McCoy, one petitioner originally was sentenced to just over 35 years and his sentence was reduced to time served, or approximately 17 years. The three other petitioners were sentenced to 45 years and their sentences were reduced to time served, or approximately 25 years. McCoy, 981 F.3d at 277-79.

6

This court and others have applied the McCoy reasoning when considering motions for compassionate release based on the claim that a defendant would no longer be subject to a longer sentence based on a § 851 enhancement. See, e.g., United States v. Edwards, No. 5:17-cr-00011, 2022 WL 1557045 (W.D. Va. May 17, 2022) (applying McCoy to reduce sentence when sentence enhancement would no longer apply after the First Step Act); United States v. Gamboa, No. 2:08-cr-00151-2, 2022 WL 275528 (S.D.W.V. Jan. 28, 2022) (quoting United States v. Johnson, No. 2:07-cr-0924, 2021 WL 2379474 (D.S.C. June 10, 2021)) ("[T]he logic 'espoused in McCoy … applies with equal force to the similar disparities brought about by the First-Step-Act changes to [21 U.S.C.] §§ 841 and 851.'"); United States v. Richards, No. 3:11-CR-31, 2021 WL 3861599 (W.D. Va. Aug. 30, 2021) (quoting United States v. Stuart, No. 5:92-CR-114-BR-3, 2020 WL 7232074, at *3 (E.D.N.C. Dec. 8, 2020) ("Following McCoy, other district courts in this Circuit have found that they 'may consider changes in sentencing law—even nonretroactive ones—in assessing whether a defendant has shown extraordinary and compelling reasons warrant a reduction in his sentence.'"); Babb v. United States, No. ELH-04-0190, 2021 WL 2315459, at *12 (D. Md. June 4, 2021) (concluding that court has authority under McCoy to consider legislative change to § 851 in conducting review of motion for compassionate release); United States v. Lii, 528 F. Supp.3d 1153 (D. Haw. Mar. 23, 2021) (applying reasoning in McCoy to reduce a life sentence based on two prior state court convictions for relatively minor drug offenses); United States v. Williams, No. 5:12cr14, 2020 WL 5834673 (W.D. Va. Sept. 30, 2020) (same).

The court finds that the difference between the life sentence Britton received on Count 1 and the 25-year sentence he likely would receive for the same conduct today under §

7

841(b)(1)(A) is a gross disparity and meets the threshold discussed in McCoy. The court further finds that the disparity is an "extraordinary and compelling" reason warranting a sentence reduction under § 3582(c)(1)(A).

### III.

Having found that an extraordinary and compelling reason exists for a sentence reduction, the court "must 'consider[]' the § 3553(a) sentencing factors 'to the extent that they are applicable' in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment." United States v. High, 997 F.3d 181, 186 (4th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). Those factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for—
>
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>
> (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be

8

incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; . . . .

(5) any pertinent policy statement –

(A) issued by the Sentencing Commission . . . .

(6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

The court will first look at the kinds of sentences and the sentencing range established for Britton's offenses. As discussed above, today, Britton would face a statutory mandatory minimum sentence of 25 years on Count 1 and no minimum sentence on the remaining counts under 21 U.S.C. § 841(b)(1)(C). His base offense level would be 34, USSG § 2D1.1(c)(3),[4] increased by 4 levels to 38.[5] An offense level of 38 combined with a criminal history category of VI renders a guidelines sentence of 360 months to life. USSG Ch. 5 Pt. A. The fact that Britton would be subject to a much shorter sentence today based on Congress' amendment of the recidivist statute weighs in favor of a sentence reduction.

Looking at the nature and circumstances of the offense, Britton was a member of a large and long-running conspiracy that distributed crack cocaine from Florida to Virginia. Britton was described as the "primary distributor" who wired drug proceeds, transported crack from Florida to Virginia, and distributed crack to customers. PSR, ECF No. 486 ¶ 9. At one

---

[4] Amendments 750 and 782 to the United States Sentencing Guidelines, which took effect on August 3, 2010, reduced by two levels the base offense levels of some drugs.

[5] Britton's status as a career offender gives him a guidelines range of 37 under USSG § 4B1.1, which is less than his offense level based on drug weight of 38.

9

point, Britton told an unindicted co-conspirator that he could bring someone from Florida and pay them $2,000 to "take care of people snitching." Id. ¶ 16. Britton also was seen with a firearm on his person on at least two or three occasions while distributing crack. Id. ¶ 18. Another co-conspirator reported that while incarcerated at the Central Virginial Regional Jail, Britton threatened him by holding up to a window a piece of paper that said, "I'll see you on the streets." Id. ¶ 19. Britton was found responsible for distributing at least 2.8 kilograms of crack. Id. ¶ 20. The size and scope of the conspiracy and Britton's willingness to threaten violence against people he perceived as threats weigh against granting a reduction to his sentence.

Turning to the history and characteristics of the defendant, Britton dropped out of school in the ninth or tenth grade. Educational testing after he was arrested showed that his reading skills were on the first-grade level, his language skills were at the second-grade level, and his mathematics skills were at the second- and third- grade levels. Id. ¶ 73. Britton said that he dropped out of school so that he could help his mother financially and also because he was made fun of during school because of his learning disabilities. Id. ¶ 68. Regarding his criminal history, Britton had several convictions for drug offenses in state court and one conviction for simple robbery when he was 20 years old based on his taking $200 from a man at gunpoint. Id. ¶¶ 40-46.

Britton's pre-conviction history and characteristics present conflicting considerations. On the one hand, Britton engaged in violent and illegal behavior, with seemingly no remorse. On the other hand, his lack of educational skills put him at great disadvantage in pursuing legitimate employment. Balancing the concerns, the court finds that Britton's history and

characteristics prior to his incarceration weigh neither in favor nor against reducing his sentence.

Since being incarcerated, Britton has had no disciplinary infractions. ECF No. 774-1 at 3. He has earned his GED and has taken a number of classes, including Algebra, Life Science, and Shakespeare. Id. at 4. Britton has worked in prison food service and has been described by his supervisors as "respectful and dependable," "taking the initiative," "prompt, courteous, and responsible," and "of very good moral character." ECF No. 774-2 at 1-3. Britton's institutional conduct weighs in favor of a sentence reduction.

Turning to the next factors, the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant, the court finds that a reduced sentence would be sufficient to accomplish these goals. A sentence of 360 months, the bottom of the sentencing guidelines, is substantial, and the court does not believe that additional time is necessary to achieve the punitive and deterrent goals of punishment. Nor does the court find that additional time is necessary to provide Britton with educational or vocational training, medical care, or other correctional treatment.

Finally, considering the need to avoid unwarranted sentencing disparities, the court notes that the sentences assessed in the conspiracy ranged from 12 months to life, and that the two life sentences were driven by § 851 enhancements. The court previously reduced the sentence of one of Britton's co-defendants, Antonio Williams, from life to 188 months in response to a motion for compassionate release based on changes to § 841(b)(1)(A). ECF Nos.

11

771, 772. The sentence of 188 months was the bottom of Williams's sentencing guidelines without the mandatory life sentence called for by the enhancement. ECF No. 771 at 21-22. A sentence of 360 months, the bottom of Britton's guidelines, does not create an unwarranted sentencing disparity between Britton and his co-defendants and reflects the seriousness of his conduct in committing the offenses.

After considering the parties' arguments and the applicable § 3553(a) factors, the court concludes that a sentence reduction is warranted in Britton's case. Given the circumstances, including Britton's history and characteristics, and the changes in 18 U.S.C. § 841(b)(1)(A) brought about by the First Step Act, the court concludes that a sentence of 360 months is appropriate. Such a sentence is sufficient, but not greater than necessary, to reflect the seriousness of Britton's conduct and criminal history, promote respect for the law, provide just punishment, afford specific and general deterrence, and protect the public. See 18 U.S.C. § 3553(a).

## IV.

For the above-stated reasons, the court will **GRANT** Britton's motions for compassionate release, ECF Nos. 774, 785, and reduce his sentence to 360 months. The clerk is directed to send a copy of this memorandum opinion and accompanying order to the petitioner, his counsel of record, and the United States. An appropriate order will be entered.

It is so **ORDERED**.

Entered: September 2, 2022

Michael F. Urbanski
Chief United States District Judge